**FILED**

JAN 11 2013


CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| Daniel Tobin and Jill Tobin, conservators of K. T., a minor, <br> Plaintiffs <br><br> vs. <br><br> Payless ShoeSource, Inc., <br> Defendant | Civil Action No. 13-4006 <br><br> **COMPLAINT** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COME NOW the plaintiffs, and for their cause of action against the defendant, state and allege as follows:

## PARTIES

1. The plaintiffs and their ward and daughter, K. T., are residents of Minnehaha County, South Dakota.

2. The defendant is registered do business in the state of South Dakota with Missouri as its home state.

## JURISDICTION

3. Jurisdiction is proper in this court pursuant to 28 USC 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of seventy five thousand dollars.

## FACTS

4. On December 3, 2011, at approximately 2:15 p.m., plaintiffs' ward and daughter K. T. was a passenger in an automobile that was struck by a motor vehicle being operated in a negligent manner by Dixie Wieskus. The collision occurred on Interstate 29 near its intersection with SD Highway 48 in Union County, South Dakota.

5. As a direct and proximate result of the motor vehicle crash, the plaintiff suffered painful facial injuries, some of which are permanent; she incurred medical and surgical expenses presently totaling $38,041.66, and additional medical and surgical care is recommended.

6. As a consequence of the personal injuries and damages suffered by K. T. in the collision Progressive Insurance, the liability insurer for Ms. Wieskus, paid out its liability limit of $100,000 to the plaintiffs. Defendant Payless ShoeSource was given notice of the pending payment by Progressive and agreed the transaction would not affect K.'s rights against the defendant.

7. At the time of the collision defendant Payless ShoeSource was self-insured or partially self-insured, providing underinsured motorist insurance by which it contracted to pay to K. T., or her conservators, such amounts as would compensate her for injuries and damages suffered by her in the motor vehicle collision over and above the sum paid by Progressive Insurance up to a limit of $200,000.

8. Prior to the time Progressive Insurance paid the full amount of its liability policy coverage to the plaintiffs as conservators of K. T., both Progressive Insurance and the defendant Payless ShoeSource (in its capacity as underinsured motorist insurer) were provided complete and detailed information including pictures, medical records, medical bills, summaries and other materials describing and documenting the serious facial lacerations and other injuries suffered by K. T. and the medical and surgical treatment K. has undergone and is recommended to undergo in the future. That information and material was the basis for Progressive Insurance's decision to promptly, and without litigation, pay the full amount of its potential liability of $100,000.

9. Thereafter, the plaintiffs proposed that Payless ShoeSource, Inc. satisfy its contract obligation to compensate K. T. for such injuries and damages as she suffered in the automobile collision which were not paid by Progressive Insurance Company. Payless ShoeSource has repeatedly refused to do so, taking the apparent position that K. was fully compensated for her injuries and damages by Progressive's payment. Payless ShoeSource's latest refusal to satisfy its underinsured motorist obligation occurred on December 26, 2012.

## COUNT 1

## BREACH OF CONTRACT

10. Plaintiffs allege the facts set forth in paragraphs 4 through 9.

11. The defendant has breached its contract by failing to compensate K. T. for the injuries and damages she suffered in the motor vehicle collision, in accordance with the underinsured motorist insurance.

## COUNT 2

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

12. Plaintiffs re-allege the facts set forth in paragraphs 4 through 11.

13. The defendant has breached its duty of good faith and fair dealing owed to K. T. by:
    a. Unreasonably denying underinsured motorist benefits in an amount which would compensate K. T. for the damages suffered and remaining uncompensated, following the payment of liability benefits by Progressive Insurance.
    b. Acting with reckless disregard of the facts and the rights of K. T. when it refused and persisted in its refusal to meet its contract obligation to pay underinsured motorist benefits to and for the benefit of K. T.

14. As a direct and proximate result of the acts and omissions of the defendant in the evaluation and handling of the claim for underinsured motorist benefits, plaintiffs have been made to suffer economic and consequential damages as yet uncompensated arising from the motor vehicle collision, and economic and consequential damages arising from the wrongful delay and denial of their claim.

<u>COUNT 3</u>

15. Plaintiffs re-allege the facts set forth in paragraphs 4 through 14.

16. Because of the defendant's refusal, which was and is vexatious and without reasonable cause, the plaintiffs are entitled to recovery from the defendant a reasonable sum as attorney's fee under SDCL 58-12-3.

WHEREFORE, the plaintiffs pray for judgment against the defendant for damages in such amount as is proven at trial, including extra contractual damages, together with their costs and disbursements, pre-judgment interest, and attorney's fees, and for such other and further relief for which the court finds them to be entitled.

A JURY TRIAL IS DEMANDED.

Dated in Sioux Falls, South Dakota this 10th day of January, 2013.

CHET GROSECLOSE, PROF. LLC

_____
Chet Groseclose
221 S. Phillips Avenue, Suite 301
Sioux Falls, SD 57104
chetsxf@yahoo.com
Ph.: 605-275-0630
Attorney for Plaintiffs